on behalf of the appellant, Mr. Gonzalez-Monterroso, and good morning, counsel. I would like to reserve two minutes for my rebuttal. Okay. The Petitioner grew up during and fled from one of the world's most horrific instances of genocide in World War II, since World War II. That year the defendant was born, 1980, began the bloodiest two-to-three-year period in Guatemala's history that was dubbed by historians the Silent Holocaust. A total of about 200,000 people were killed in a scorched earth policy. Counsel, I don't want to interrupt your train of thought, but I think we need to focus for a minute on the decamp and on the Taylor issues arising out of this case, at least as far as I'm concerned, that that's what we're wrestling with here, is whether, in fact, there's an enhancement based upon the way the Court dealt with this conviction. With the Court's permission, I wanted to very briefly deal with the reasonable issues, because it did raise some serious issues. If the Court would prefer that I not do that. Those are issues of equity. I think we're familiar. We have hundreds and hundreds of cases arising out of this period, and I think all the members of the Court are very familiar with some of the horrendous things that happened. I mean, you can use your time however you wish, but at least for my part, I would love to get your insights into the Taylor case analysis and whether the statute meets the categorical fit, or are we looking at modified categorical, and if so, whether decamp has an impact on it. And could you start with discussing the attempt? One of your arguments was that the Delaware Criminal Code's definition of attempt, at least the component regarding substantial step, was not a categorical fit for the Federal definition of attempt and substantial step. Could you address that? Sure, I can. And in just concluding my argument on that, what I would say was, given those historical circumstances which were extremely well documented in the defendant's brief, the Court's comments that didn't say a word about his circumstances, that didn't even acknowledge that the arguments had been made, it's in that context that when the Court said, I don't find any mitigating factors in this case, that's exactly where, I believe, under Rita and Ressam, where the defendant, where the Court has, although it usually doesn't have an obligation. That's not going to get you very far. The other issues we're trying to point you to, we've read the briefs. Okay. We understand the case. We know exactly where our problems are, and you're wasting time. You've got good points to do. You're talking about things we've read. We understand. Let me address the attempt issue first. Frankly, I think the categorical approach with respect to the sex crime is perhaps stronger. My argument on the attempt really goes more towards how it was applied in this case, because the case law in Gomez-Hernandez and in Duenas-Alvarez says that a defendant can show that it wasn't just a mere possibility that the statute was applied over broadly by the State by pointing to other cases where the State has done so, but that he can do so if he shows, of course, that it's been done in his case. And my argument there is that in this case, the defendant was charged with having a bringing home, and this is the State's evidence, bringing home a young girl from a church event asked by the pastor and pulling over to the side of the road, trying to kiss her, rubbing her leg, and asking her if she wanted to engage in sex or have sex, and she said no, she took him home. Now, I wasn't sure why on the merits, the 770A, I guess, 1 and 3, we know it's not 2, wasn't a categorical match, at least for forcible sex offense in the sentencing guidelines, which seems to only require force and lack of consent, and lack of consent at least potentially is involving a minor, because it says not legally capable of consent. And the Federal definition, Acosta's office tells us, is that a minor is under 16. So it seems like there might well be a categorical match. Why shouldn't I read it that way? Because my my I think the most important issue raised by this case is that what the government is asking the court to do in applying the forcible sex offense enhancement to this to this statute is, and other statute, other other statutes which are primarily child statutes, sex crime statutes against child victims, is to take an end around around the separately enumerated crimes that are specifically delineated and which have gone over years of jurisprudence in developing their requirements. There are very specific requirements. The reason why the government is not claiming that it does not and did not claim in its brief that this conviction qualifies either statutory rape or sexual abuse against a minor is because it clearly doesn't meet the requirements. So the question is why shouldn't I read it that way? But what about forcible sex offense, which is set out in the guidelines, forcible sex offenses, including where consent to the conduct is not given or is not legally valid? And that's just the plain language of the comment and to the guidelines. Why isn't that something we should give shouldn't give effect to? So the question is, or how I would respond to that, in the in the recently decided decision of Acosta-Chavez, the Court specifically put off the decision. The Court recognized this was the issue. So it's an open issue, but so what? I mean, we can decide it. The issue is whether whether a forcible sex offense can be applied to a conviction for sexual abuse of a minor or a statutory rape, because there's a lot of language in the statutes and in cases which say they are separately enumerated. And if what the Court were to do is to apply forcible sex offenses to those separately enumerated offenses, then it would violate the statutory rule of construction that to avoid surpluses, surpluses where it can't. Kennedy, I'm very puzzled by your argument. You've got a really good argument under Taylor and Descamp, and you haven't even mentioned it yet. So let me try to focus you in on this. It's a divisible statute, probably overbroad. What role, if any, does Descamp play in this case? Do you know what Descamp is? Yeah, I certainly do. I wonder. I've heard it several times. I believe, Your Honor, that Descamp does have a role to play here. And what is that? The the the it precludes application of a modified categorical approach here, because under the because under the statute, the only the the only and that's why I was harping back on the other issue, the only the the only applicable enhancement, if you will, are are the two statutory rape and I think you're missing the boat altogether on this, but once you get you want to reserve some time, why don't you think about it, and let's hear from the government, and then you can come back and tell us why Descamp is important to you. Okay. Good morning, Your Honors. Erica McCallum from the District of Arizona, representing the government. I'm not quite sure where to start here. Start with Descamp. I'm going to jump in before Judge Smith gets a chance. Because I'm very concerned about that. The Delaware criminal code definition of attempt and substantial staff says intent is enough. The Federal definition of attempt and substantial staff says intent is not enough. So it seems that there can't be a categorical match here. How do you explain that? Well, looking looking at the Delaware statute, I would submit that what it requires is an intent plus a substantial staff. I think what the defendant has argued, and he did not argue it in his opening brief, so I believe you waived it, but he argued later that in his supplemental reply brief that Delaware attempt, the cases that interpret it require or overbroad because they allow for mere preparation as opposed to intent. Well, isn't that the statutory definition of substantial staff in Delaware? The Delaware definition of substantial staff is an act or omission which leaves no doubt as to the defendant's intention to commit the crime. Well, it's intent. It's purely focusing on intent. Is there any Delaware case which says, well, I know the statute says intent is enough, but we think there also has to be some actual step taken? Yes. But that has construed the statute to say that, because I looked at the statutes the government cited, and they all apply it in cases where there happened to also be a substantial staff, but none of them had a narrowing construction of the statute that I saw. Maybe you can point me to one I missed. When I looked at those cases, what I saw was that they were finding attempt where there was an act or an omission, which is required by the statutory definition. And is there a case where they don't? In other words, is there a case where they say this, even though there's evidence showing his intent, there's not enough to make a substantial step under our statute? No. Okay. I didn't see one either. So why wouldn't we just be bound by the plain language of the Delaware statute? Because what the statute is saying is there must be an act or omission. I don't see that in the words I see, intent, to show the intent. Let's assume for a minute that there is no categorical match for the reason my colleague just mentioned, the two different approaches on attempt and how it's the whole idea of intent under Delaware law versus the Federal. Can the government succeed under a modified categorical analysis in light of DECOMP? As far as attempt is concerned, no. No, because if it's not divisible, and I don't think that this statute is divisible, then it's not. You don't think it's divisible? The attempt statute? No, because I don't think that there are multiple alternative versions of the attempt crime contained within the statute. But I do believe that the statutory language and the jury instruction, which is 11 Delaware – sorry, the statute is 11 Delaware Code 531, and the jury instruction is 11.531.2, requires an act or an omission. Well, it says act or omission, which leaves no doubt as to the defendant's intention. So if the defendant, I guess, does a blog post saying I absolutely intend to take this act, that would probably be enough under the plain language of this statute. And I didn't see a Delaware case that said otherwise. But looking at it from the converse point of view, there's no Delaware case that says merely preparing to commit the crime is sufficient to be attempt. But we can look at a narrowing construction, but I guess I don't see how we can look at the absence of a case that gives full effect to a statute as being a narrowing construction. Particularly a jury instruction. I would also ask the Court to consider that if, in fact, the Delaware Code requires intent, a specific type of intent, in order to commit an attempt offense, that that's a narrower construction, so that what the jury would be required to find would be even more narrow than the generic Federal attempt offense. Our case, and I think it's Hernandez-Cruz, says that there has to be an act that unequivocally demonstrates that the crime will take place unless interrupted by independent circumstances. That seems to go way further than the language of the Delaware statute. It has to be such a substantial step that the crime will occur unless the police comes in and stops him. And that is, that is coextensive, well, it's either coextensive with the Federal statute or it's narrower than the Federal statute. It's a higher requirement as opposed to something that encompasses more than the Federal statute. Kennedy. Let's assume for a minute, just arguendo, that there is no categorical match. How does applying modified categorical analysis, how does the government win here? What did it rely upon to close the loop, if you will? And are we still talking about the attempt statute? Yes. Okay. Well, the government's not relying on the modified categorical analysis. I think that only applies where there's a statute that's divisible and has more than one alternative. My hypothetical was there is no categorical match. You're saying there is and you don't want to talk about it in any other context. The only way that we could use the modified categorical analysis would be to say, look at the facts of this conviction and what portion of the attempt statute is pronged. And in this case, didn't they rely upon the colloquy to fill in that blank, if you will? We don't. We're saying that there the government has from the outset of this case said that as far as the attempt prong is concerned, this is a categorical match, so we do not need to go to the modified categorical analysis. And it's not appropriate here because it's not a divisible statute. So we simply can't go there. It's not necessary. And I would also point out that I was unable to locate in the Ninth Circuit any case where this Court has found an attempt statute, a State attempt statute, was not a categorical analysis. And this State statute is based on the Model Penal Code as commonly are in the States, but it expressly defined it in a way that was contrary to the Model Penal Code. That's the problem. I mean, if it had followed the Model Penal Code, I don't think I'd be having this problem here. Assuming we got past the attempt, can you address the force of the merits, whether the Delaware Code under which he was convicted would match forcible sex offense or some other Federal generic offense? There are two generic offenses that it matches. One is the forcible sex offense, which, again, the defendant waived that argument because he didn't raise it in his opening brief. He's not arguing that this is not a forcible sex offense. The other is statutory rape. And the language of this statute – now, here we do need to go to the modified categorical analysis, because this is a divisible statute. It has a number of different sections which each have a separate jury instruction, and we have to go to those facts that are in the judicially noticeable documents to figure out which prong applies. And when we do that, we know that what the findings were that the defendant was 14 – I'm sorry, the victim was 14, the defendant was 28 years old, and he attempted to have sex with her. So that means that the – it's going to be – the statute that applies is A-1, where a defendant intentionally engages in sexual intercourse with a victim under 16. Now, that's a forcible sex offense. It's a sex offense where the victim – there's an absence of the victim's consent. And we know that because there's a Delaware statute that says a victim under the age of 16 cannot – is deemed unable legally to consent, therefore, unless, of course, there's an exception, which is the teenager – the teenage defendant exception. So we know we're looking – turning to the statutory rape context. This – the Delaware statute is a statutory rape statute. And so looking at the generic definition of statutory rape, which under Rodriguez-Guzman is unlawful sexual intercourse with a victim under 16, that, too, is categorically satisfied. So we use the modified categorical approach to figure out which statute is the statute – is the crime of conviction. And then we look at the language of that, and it either fits under forcible sex offense or it fits under statutory rape. Kennedy. So if – if we take your point that the – there is a categorical – categorical match on the attempt statute, but the fourth-degree rape is divisible, you have to go to the modified categorical analysis, what did the Court rely upon here in terms of the record that allowed it to determine under what statute the defendant was convicted? The Court – the probation officer, the pre-sentence report, said this is a statutory rape conviction. You get a 16-level enhancement. The government argued forcible sex offense or statutory rape. And the Court said this is a crime of violence. So the district court did not specify which – which type of crime of violence it was finding. Since it didn't, doesn't – isn't that where DeCamp comes in, or DeCampa, you have to look at the record for some facts as opposed to the statute itself. Doesn't that create a problem? No, it does not. Because what DeCamp says is in order to – simply in order to – well, first of all, this Court may affirm for any reason supported by the record. So even if the district court below didn't say this is a forcible sex offense or this is a statutory rape, this Court, of course, can do that. But the purpose – and there's no requirement under DeCamp that the district court make factual findings to figure out which prong was the statute of conviction. This Court is able to do that.  Who are we? Do any of my colleagues have any further questions? If not, thank you. Kennedy. I'd like to ask you one question. This opinion of Judge Wilkins in the Fourth Circuit, which tracks the earlier dissent by Judge Tashima of this case, how does that fit in with your argument? If my recollection is correct, that argument is – or that analysis is basically look – these have to be mutually exclusive. Forcible sex offense can't encompass statutory rape or sexual abuse of a minor. It's the government's position that forcible sex offense, because of the language that's very broad in defining it, can be seen as a type of a residual clause, in a sense, so that as long as a conviction fits within the definition, which would include any forcible sex offense which is forcible, in other words, there was not consent of any kind, then it can fit in that category. And it can also fit in as statutory rape or sexual abuse of a minor. It's a broad category, and the Commission, the Guideline Commission, intended it for it to be broad. If we adopted Judge Wilkins' opinion and Judge Tashima's dissent in some faith, wouldn't that have to go back to the district court to make some further determinations? If this Court said this is not a forcible sex offense, this Court could still say, well, it was a statutory rape offense. So assuming that this Court said it doesn't fit into either of those categories, then it could go back to the district court. And I would note that I believe that the Sentencing Commission has submitted a guideline modification as to that guideline that is pending. But I'm not sure if it's something. It's one of those that is awaiting approval by Congress and would be enacted in November. I think it's further out in the future than that. Good luck. Yeah, I think we're shut down on that issue. And by the way, just so that you know, I am on furlough, so I'm very happy to be working today. We appreciate your being here. Thank you very much. We appreciate your adhering to our order. We thought we were not shut down. Counsel, you've got a little bit of time left. Thank you, Judge. It's for two reasons. When de comp precludes modification, modified categorical analysis, both to the attempt and to the substantive statute, with respect to the substantive statute, there is simply no way for the Court to determine which subsection the defendant was necessarily convicted of. It's just there's just no way. There's several which are possibly applicable and several which do not meet the generic version. I think it's important to note that on the attempt statute, it does not admit the you can't apply it as admitted by the government because it's not divisible. Even if it were applied in this case, the defendant, all he said was sex. Does that mean that that was asking her? Does that mean that's a substantial step? I think there was a few things that went on before that would lead to it more than just a mere cocktail discussion, period. Well, there was an attempted kiss, which she didn't push, and then there was touching of the thigh. The other thing is that under the statute, it required the defendant to have sex. I think he did slap for less. Excuse me? Nothing. Go ahead. Under the statute, there was no, there's a requirement for sexual contact, which is under, which is under the clothes and not, which is not through the clothing and which is of the genitalia. There's, there's, there was no such, thigh is not genitalia, and there was no indication that he had an intent to do anything like that. I'm sure he had the best of intentions, but your time is up. And we thank you very much for your argument. The case just argued is submitted, and the Court is adjourned for the day.
judges: Wallace, Smith, Ikuta